IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN GONZALES JOYA,

                Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

                Respondent.

OPINION and ORDER

25-cv-112-jdp

---

Petitioner Juan Gonzales Joya, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, requesting an order vacating an expedited order of removal. He contends that because he had been in the United States continuously for the two years prior to the order, he's not subject to expedited removal.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will deny Gonzales Joya's petition because the court cannot consider his challenge to the final order of removal.

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

ANALYSIS

Gonzales Joya was paroled into the United States for federal prosecution in 2019 and is serving a term of incarceration for a federal crime. He is subject to a January 2025 expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Dkt. 1-1. That order states that Gonzales Joya is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he's a native and citizen of Mexico, he was paroled into the United States, and he lacks valid entry documentation. *Id.* Gonzales Joya contends that the order of removal is void because he isn't an "alien" as that term is defined in § 1225(b)(1).

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). I take Gonzales Joya to contend that this district court may entertain his petition under § 1252(e). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

2

Gonzales Joya contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien" as defined in § 1225(b)(1)(A)(iii)(II), which provides:

> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Gonzales Joya argues that that he's not an "alien" because he was continuously present in the United States for two years before his order of removal.

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the flaw in Gonzales Joya's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used more generally in the Immigration and Nationality Act. Rather, § 1225(b)(1)(A)(iii)(II) merely identifies a category of aliens who are subject to expedited removal under § 1225. Both the court of appeals (albeit in an unpublished decision) and this court have previously concluded that the general definition of alien under 8 U.S.C. § 1101(a)(3)—"any person not a citizen or national of the United States"—applies to the jurisdictional exceptions set forth in § 1252(e). *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025); *Sanchez v. United States Dep't of Homeland Sec.*, No. 25-cv-146-jdp (W.D. Wis. June 4, 2025). The expedited order of removal states that Gonzales Joya is a native and citizen of Mexico, and he does not dispute that fact in the petition. Thus, Gonzales Joya is an "alien" under the general definition. Gonzales Joya's argument that the expedited removal order is

3

void because he has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

ORDER

IT IS ORDERED that:

1. Petitioner Juan Gonzales Joya's petition, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 24, 2025.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge